FILED
CHARLOTTE, NC

MAR 19 2024

U.S DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 3:24-cr-54-RJC |
| v. | BILL OF INDICTMENT<br>Violations:<br>18 U.S.C. § 1951<br>18 U.S.C. § 924(c)(1)<br>18 U.S.C. § 922(g)(1) |
| **TERRY SHERWOOD SLADE** | |

**THE GRAND JURY CHARGES:**

## COUNT ONE
*(Hobbs Act Robbery)*

On or about November 20, 2023, in Mecklenburg County, within the Western District of North Carolina, the defendant,

TERRY SHERWOOD SLADE,

did knowingly and intentionally obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant, TERRY SHERWOOD SLADE, did unlawfully take and obtain United States currency and cigarettes, items of value belonging to House of Clouds Smoke Shop, a retail store, located in Charlotte, North Carolina, from the person and presence of an employee, against such employee's will, and by means of actual and threatened force, violence, and fear of immediate and future injury, in violation of Title 18, United States Code, Section 1951.

## COUNT TWO
*(Hobbs Act Robbery)*

On or about December 3, 2023, in Mecklenburg County, within the Western District of North Carolina, the defendant,

TERRY SHERWOOD SLADE,

did knowingly and intentionally obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in

that the defendant, TERRY SHERWOOD SLADE, did unlawfully take and obtain United States currency belonging to Nick's Arcade, a gaming arcade, located in Charlotte, North Carolina, from the person and presence of an employee, against such employee's will, and by means of actual and threatened force, violence, and fear of immediate and future injury, in violation of Title 18, United States Code, Section 1951.

## COUNT THREE
*(Possession and Brandishing a Firearm in Furtherance of a Crime of Violence)*

On or about December 3, 2023, in Mecklenburg County, within the Western District of North Carolina, the defendant,

TERRY SHERWOOD SLADE,

did knowingly possess a firearm in furtherance of a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951, as set forth in Count Two of this Bill of Indictment, incorporated by reference herein.

It is further alleged that one or more of said firearm was brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

All in violation of Title 18, United States Code, Section 924(c).

## COUNT FOUR
*(Possession of a Firearm by a Felon)*

On or about December 3, 2023, through and including December 21, 2023, in Mecklenburg County, within the Western District of North Carolina, the defendant,

TERRY SHERWOOD SLADE,

knowing that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, a Ruger, model EC9s, 9mm caliber semi-automatic pistol, in and affecting commerce; in violation of Title 18, United States Code, Section 922(g)(1).

## SENTENCING ALLEGATION (18 U.S.C. § 924(e))

Before the defendant, TERRY SHERWOOD SLADE, committed the offense charged in Count One as set forth above, TERRY SHERWOOD SLADE, had at least three previous convictions for offenses committed on occasions different from one another, to wit:

(1) Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury, in violation of North Carolina law, which the defendant committed on or about May 16, 1989,

(2) Common Law Robbery, in violation of North Carolina law, which the defendant committed on or about February 13, 1996;
(3) Common Law Robbery, in violation of North Carolina law, which the defendant committed on or about September 30, 1997;
(4) Common Law Robbery, in violation of North Carolina law, which the defendant committed on or about April 16, 2003;
(5) Hobbs Act Robbery in violation of Federal law, which the defendant committed on or about March 12, 2012;
(6) Hobbs Act Robbery in violation of Federal law, which the defendant committed on or about March 13, 2012;
(7) Hobbs Act Robbery in violation of Federal law, which the defendant committed on or about March 13, 2012;
(8) Hobbs Act Robbery in violation of Federal law, which the defendant committed on or about March 14, 2012;
(9) Hobbs Act Robbery in violation of Federal law, which the defendant committed on or about March 14, 2012; and
(10) Hobbs Act Robbery in violation of Federal law, which the defendant committed on or about March 14, 2012

all in violation of Title 18, United States Code, Section 924(e).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of the provisions of 18 U.S.C. § 924(d) and the statutes incorporated or referred to therein. The firearms and ammunition listed below are subject to forfeiture in accordance with § 924(d) because they were involved in, used, or intended to be used in the violation alleged in this bill of indictment. The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

    (a)    Ruger model EC9s 9mm semiautomatic pistol bearing serial# 83714
    (b)    ammunition

A TRUE BILL

_____
FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

_____
TIM SIELAFF
ASSISTANT UNITED STATES ATTORNEY